UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

HOWARD COHAN,

    Plaintiff,

vs.                      INJUNCTIVE RELIEF SOUGHT

PBM PROPERTIES, LLC.,
a Foreign Limited Liability Company,
d/b/a MARRIOTT WEST PALM BEACH,

    Defendant(s).
_____/

## COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues, PBM PROPERTIES, LLC., a Foreign Limited Liability Company, d/b/a MARRIOTT WEST PALM BEACH, ("Defendant"), for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

### JURISDICTION AND VENUE

1.    This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also,* 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

2.    Venue is proper in this Court, West Palm Beach Division, pursuant to 28 U.S.C. §1391(B) and the Internal Operating Procedures for the United States District Court For the

1

Southern District of Florida in that all events giving rise to the lawsuit occurred in Palm Beach County, Florida.

## PARTIES

3. Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

4. Upon information and belief, Defendant is the lessee, operator, owner and lessor of the Real Property, which is subject to this suit, and is located at 1001 Okeechobee Boulevard, West Palm Beach, Florida 33401, and is the owner of the improvements where Premises is located.

5. Defendant is authorized to conduct, and is in fact conducting, business within the state of Florida.

6. Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. At the time of Plaintiff's visit to the Premises on November 19, 2015, (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA, and required fully accessible restrooms. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities and amenities within the Premises, even though he would be classified as a "bona fide patron".

7. Plaintiff will avail himself of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public

accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

9.   Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 8 above as if fully stated herein.

10.   On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

11.   Congress found, among other things, that:

a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3),(5) and (9).

12. Congress explicitly stated that the purpose of the ADA was to:

a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

U.S.C. § 12101(b)(1)(2) and (4).

13. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith. The building and/or Premises, which is the subject of this action, is a public accommodation covered by the ADA and which must be in compliance therewith.

14. Defendant has discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

15. Plaintiff has visited Premises, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

16. Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their

facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Officer of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation.

18. Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations:

Passenger Drop off at Hotel Entry

a. Failure to provide a passenger loading zone with an access aisle marked with striping 2010 ADAAG §§ 209, 209.1, 209.4, 503, 503.1, 503.3, 503.3.3 when resolution is readily achievable.

Men's Lobby Restroom

b. Providing a gate or door with a continuous opening pressure of greater than 5lbs exceeding the limits for a disabled person 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9, 309.4 when resolution is readily achievable.

c. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG §§ 606, 606.5 when resolution is readily achievable.

    d. Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finish floor measured to the top of the gripping surface in violation of 2010 ADAAG §§ 604, 609, 609.4 when resolution is readily achievable.

    e. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4 when resolution is readily achievable.

    f. Failure to provide a coat hook within the proper reach ranges for a disabled person in violation of 2010 ADAAG §§ 603, 603.4 and 308 when resolution is readily achievable.

    g. Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604, 604.2 when resolution is readily achievable.

Restroom near Conference Center

    h. Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space in violation of 2010 ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1 when resolution is readily achievable.

    i. Failure to provide a urinal designed for a disabled person where the rim height is no more than 17" from the finished floor in violation of 2010 ADAAG §§ 605, 605.2 when resolution is readily achievable.

    j. Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finish floor measured to the top of the gripping surface in violation of 2010 ADAAG §§ 604, 609, 609.4 when resolution is readily achievable.

k. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604,604.7 and 309.4 when resolution is readily achievable.

l. Failure to provide a coat hook within the proper reach ranges for a disabled person in violation of 2010 ADAAG §§ 603, 603.4 and 308 when resolution is readily achievable.

m. Failure to provide proper paper towel dispenser at the correct height above the finish floor in violation of 2010 ADAAG §§ 606, 606.1 and 308 when resolution is readily achievable.

n. Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a disabled person in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2 when resolution is readily achievable.

o. Failure to provide the water closet seat at correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4 when resolution is readily achievable.

p. Failure to provide proper signage for an accessible restroom or failure to redirect a disabled person to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1 when resolution is readily achievable.

Restroom near Conference Center no Auxiliary Stall

q. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG §§ 606, 606.5 when resolution is readily achievable.

r. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604,604.7 and 309.4 when resolution is readily achievable.

s. Failure to provide a coat hook within the proper reach ranges for a disabled person in violation of 2010 ADAAG §§ 603, 603.4 and 308 when resolution is readily achievable.

t. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor 2010 in violation of ADAAG §§ 603, 603.3 when resolution is readily achievable.

u. Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a disabled person in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2 when resolution is readily achievable.

v. Failure to provide paper towel dispenser at the correct height above the finish floor in violation of 2010 ADAAG §§ 606, 606.1 and 308 when resolution is readily achievable.

w. Failure to provide an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals any combination in violation of 2010 §§ ADAAG 213, 213.3 and 203.3.1 when resolution is readily achievable.

x. Failure to provide an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals any combination in

   violation of 2010 §§ ADAAG 213, 213.3 and 203.3.1 when resolution is readily achievable.

Men's Restroom near Polo D / Regency Conference Auxiliary Stall

   y. Failure to provide operable parts which are functional or are in the proper reach ranges as required for a disabled person 2010 ADAAG §§ 309, 309.1, 309.3 and 309.4 when resolution is readily achievable.

   z. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604,604.7 and 309.4 when resolution is readily achievable.

   aa. Failure to provide a coat hook within the proper reach ranges for a disabled person in violation of 2010 ADAAG §§ 603, 603.4 and 308 when resolution is readily achievable.

   bb. Failure to provide paper towel dispenser at the correct height above the finish floor in violation of 2010 ADAAG §§ 606, 606.1 and 308 when resolution is readily achievable.

   cc. Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a disabled person in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2 when resolution is readily achievable.

   dd. Failure to provide the water closet seat at correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4 when resolution is readily achievable.

   ee. Failure to provide an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals any combination in

    violation of 2010 §§ ADAAG 213, 213.3 and 203.3.1 when resolution is readily achievable.

Men's Restroom near Polo D / Regency Conference

  ff. Providing a gate or door with a continuous opening pressure of greater than 5lbs exceeding the limits for a disabled person 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9, 309.4 when resolution is readily achievable.

  gg. Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finish floor measured to the top of the gripping surface in violation of 2010 ADAAG §§ 604, 609, 609.4 when resolution is readily achievable.

  hh. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604,604.7 and 309.4 when resolution is readily achievable.

  ii. Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604, 604.2 when resolution is readily achievable.

Bistro Restaurant and Bar

  jj. Providing counter heights exceeding 36 inches making it impossible to service a disabled person 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2 when resolution is readily achievable.

  kk. Failure to provide seating for a disabled person(s) that has the correct clear floor space for a forward approach 2010 ADAAG §§ 902, 902.1, 902.2, 305, 306 when resolution is readily achievable.

Parking

    ll. Failure to provide sign(s) for disabled parking or van disabled parking 2010 ADAAG §§ 502, 502.6 when resolution is readily achievable.

19. To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 18 herein.

20. Subsequent to the date of Plaintiff's visit to the Subject Facility, an expert determined that the violations referenced above were still outstanding. Although Defendant is charged with having knowledge of the violations, Defendant may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

21. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

22. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

23. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. § 12205.

24. All of the above violations are readily achievable to modify in order to bring Premises or the Facility/Property into compliance with the ADA.

25. In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 18 herein can be applied to the 1991 ADAAG standards.

26. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court declares that Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2. That this Court enter an Order requiring Defendant to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court enter an Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to Premises;

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

5. That this Court award such other and further relief as it may deem necessary, just and proper.

Dated this 4th day of March, 2016.

                                       **KAPLAN SCONZO & PARKER, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No. 0105553
**Email:** gsconzo@ksplaw.com
**Secondary Email:** myounts@ksplaw.com